# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CHRISTINA DIANE A.,[1]

              Plaintiff,

    v.

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. 5:24-cv-02569-PD

**MEMORANDUM OPINION
AND ORDER AFFIRMING
AGENCY DECISION**

Plaintiff challenges the denial of her applications for Social Security disability insurance benefits and supplemental security income. For the reasons stated below, the decision of the Administrative Law Judge is affirmed.

---

[1]Plaintiff's name is partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the United States Judicial Conference Committee on Court Administration and Case Management. Pursuant to Fed. R. Civ. P. 25(d), Frank Bisignano, the current Commissioner of Social Security, is hereby substituted in as the Defendant.

## I.    Pertinent Procedural History and Disputed Issue

On June 21, 2018, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income alleging disability beginning April 2, 2018.  Administrative Record ("AR") 545-562.[2]  Plaintiff's applications were denied administratively on December 10, 2018, and upon reconsideration on April 27, 2020.  AR 432-459, 504.  Plaintiff requested a hearing, which was held via telephone due to the COVID-19 pandemic on February 10, 2021, before Administrative Law Judge ("ALJ") Jason Panek.  AR 403-431.  The ALJ issued a decision finding that Plaintiff was not disabled on June 3, 2021.  AR 252-273.  Plaintiff requested that the Appeals Council review the ALJ's decision.   AR 542-544.  The Appeals Council denied the request for review on August 10, 2022.  AR 1-7.

Plaintiff filed an appeal with the United States District Court for the Central District of California.  AR 1355-1358.  On September 8, 2023, the District Court vacated the decision and remanded the case.  AR 1359-1363.  On August 21, 2024, ALJ Amy Chau held a new hearing pursuant to the District Court's remand order.  Plaintiff appeared with counsel, and the ALJ heard testimony from Plaintiff and a vocational expert ("VE").  AR 1328-1354.  On September 27, 2024, ALJ Chau issued a decision finding that Plaintiff was not disabled as defined by the applicable law.  AR 1299-1319.  Thereafter, Plaintiff filed this action for review.

The ALJ followed the five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.  *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *superseded on other grounds by regulation as stated by Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022);

---

[2] The Administrative Record is CM/ECF Docket Numbers 15-1 through 15-39.  Plaintiff's Opening Brief is at Docket Number 16, the Commissioner's Brief is at Docket Number 18, and Plaintiff's Reply Brief is at Docket Number 19.

20 C.F.R. § 416.920(a). At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. AR 1301 ¶ 1. The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 2, 2018, the alleged onset date. AR 1302 ¶ 2. At step two, the ALJ found that Plaintiff had the following severe impairments: "seizure disorder, left carpal tunnel syndrome, and glaucoma (20 CFR 404.1520(c) and 416.920(c))." AR 1302 ¶ 3. The ALJ found that these impairments significantly limit Plaintiff's ability to perform basic work activities. AR 1302. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). AR 1307 ¶ 4.

Before proceeding to step four, the ALJ found Plaintiff had the Residual Functional Capacity ("RFC") to perform light work, as defined in the regulations, with the following limitations:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for six hours out of an eight-hour workday with regular breaks; sit for six hours out of an eight-hour workday with regular breaks; frequently push and/or pull within the weight limits indicated for lifting and carrying with the bilateral upper extremities; frequently perform handling and fingering with the dominant left upper extremity; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to atmospheric conditions, as defined in the Selected Characteristics of Occupations; avoid any exposure to hazards, such as heavy moving machinery and unprotected heights; and never perform job tasks that require precise near acuity (for example, threading a needle or reading small print).

AR 1308-1309 ¶ 5.

The ALJ stated that her RFC assessment was based on all the evidence and the extent to which Plaintiff's symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. AR 1309.

3

The ALJ also stated that she considered the opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1520c and 416.920c.  *Id.*

At step four, the ALJ found that Plaintiff can perform her past relevant work as a leasing agent.  AR 1316 ¶ 6.  The ALJ made an alternative finding at step five that based on Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as "cleaner house," "fast food worker" and "parking lot attendant."  AR 1317-1318.  Accordingly, the ALJ concluded that Plaintiff has not been under a disability between April 2, 2018, and the date of the decision.  AR 1318 ¶ 7.

Plaintiff raises one disputed issue:  Whether the ALJ erred in failing to find somatic symptom disorder a medically determinable impairment at step two.  Dkt. No. 16 at 4.

## II.    Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits.  A court will vacate the agency's decision "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard."  *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (citations omitted).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Id.*; *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (same).

It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record.  *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020).  Where this evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the proof should be upheld.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Tran v.*

4

*Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).[3]

Error in Social Security determinations is subject to harmless error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path is reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

## II. Discussion

### A. The ALJ Did Not Err in Finding Somatoform Mental Disorder Not Medically Determinable at Step Two

#### 1. Relevant Law

Overall, step two of the sequential evaluation process is "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Medically determinable impairments ("MDIs") are established by "anatomical, physiological, or psychological abnormalities" demonstrated via objective medical evidence. 20 C.F.R. §§ 404.1521, 416.921. While a claimant's statements and medical sources' diagnoses are not sufficient to establish an MDI, diagnoses can be sufficient to mandate discussion of an impairment at step two. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (a medical opinion offered in support of a medically determinable impairment must include symptoms and a diagnosis); *Katie E. B. v. Kijakazi,*, 2022 WL 4595062, at *3 (S.D. Cal. Sept. 30, 2022) (though neither a statement of symptoms nor a medical source's diagnosis are alone sufficient to

---

[3] Although statements in unpublished Ninth Circuit opinions "may prove useful [] as examples of the applications of settled legal principles," the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions particularly as to issues of law. *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020).

establish an MDI, a single diagnosis can be enough to necessitate a discussion of impairment at step two).

At step two, "the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities." *Webb*, 433 F.3d at 686 (citing 20 C.F.R. § 404.1520(a)(4)(ii)). The "ability to do basic work activities" is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb*, 433 F.3d at 686 (quoting *Smolen*, 80 F.3d at 1290).

Thus, if the ALJ determines that a plaintiff has no severe impairments at step two, the sequential analysis halts and results in an immediate non-disability finding. *Webb*, 433 F.3d at 686; 20 C.F.R. § 404.1520(a)(4)(ii). Accordingly, an ALJ's determination that a claimant lacks a medically severe impairment or combination of impairments must be supported by "substantial evidence." *Webb*, 433 F.3d at 687; *see also Galarza v. Astrue*, 454 F. App'x 627, 628 (9th Cir. 2011) ("The ALJ's statements regarding the conflicting medical opinions, Galarza's sporadic treatment history, and inconsistencies in Galarza's testimony regarding his pain provide a specific and legitimate basis to determine that Galarza does not have a severe impairment under step two of the five step sequential process.").

However, "[a]ny alleged error at step two is harmless when: (1) the ALJ resolves step two in the claimant's favor, (2) the ALJ considers the effect of the omitted impairment at later steps of the sequential process, and (3) the ALJ accounts for any credible limitations posed by that impairment in formulating the RFC and VE hypothetical." *Timothy W. v. Berryhill*, 2018 WL 6817030, at *11 (D. Or. Oct. 16, 2018).

6

## 2.    Analysis

Plaintiff alleged disability due to due to bipolar disorder, anxiety and depression; seizures and pseudo seizures; endometriosis pain; loss of vision; migraines, a sudden unexplained inability to walk; and a pseudo brain tumor. AR 589-605, 1172.  At step two, the ALJ found that Plaintiff had the following severe impairments: "seizure disorder, left carpal tunnel syndrome, and glaucoma."  AR 1302 ¶ 3.  The ALJ explained that these medically determinable impairments significantly limit the ability to do basic work activities as required by Social Security Ruling ("SSR") 85-28.  AR 1302.  The ALJ found that Plaintiff's additional impairments, including benign neoplasm of pituitary gland, asthma, hypertension, migraines, psoriasis, obesity, and endometriosis have caused only transient and mild symptoms and limitations or are well-controlled with treatment and are non-severe.  AR 1302-1304.  The ALJ determined that Plaintiff's medically determinable mental impairments of major depressive disorder and generalized anxiety disorder do not cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities and are therefore non-severe.  AR 1305.

The ALJ noted that Plaintiff's representative argued at the hearing that Plaintiff met Listing 12.07 due to a somatoform mental disorder; however, the ALJ found the disorder was not medically determinable.  AR 1305, 1350, 1351.  Somatic symptom disorder and related disorders are grouped within the Commissioner's Listing of Impairments at 12.07.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(B)(6)(a).  The signs and symptoms of somatic symptom and related disorders may include "pseudoseizures, and pseudoneurological symptoms, such as blindness or deafness." *Id*.  These symptoms are "not intentionally produced or feigned" and "cannot be fully explained by a general medical condition [or] another mental disorder." *Id*. The ALJ explained that even if the record demonstrated such a disorder, Plaintiff would not meet a Listing in 12.00 et seq. as her mental symptoms

7

were all considered.  AR 1305.

The ALJ stated that in making this finding, she considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders, major depressive disorder (Listing 12.04) and generalized anxiety disorder (Listing 12.06) in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1).  These four broad functional areas are known as the "paragraph B" criteria.  AR 1305.  The ALJ explained that the limitations in paragraph B are not an RFC assessment but are used to rate the severity of mental impairments at step two.  AR 1307.  The ALJ then rated the degree of Plaintiff's functional limitations in four broad functional areas: (1) activities of daily living; (2) social interaction; (3) the ability to maintain concentration, persistence, or pace; and (4) episodes of decompensation.  AR 1305-1307.  The ALJ determined that Plaintiff had no limitation in her ability to adapt and manage, and only a mild limitation in her ability to understand, remember, and apply information, in her ability to interact with others, and in her ability to concentrate, persist and maintain pace.  AR 1305-1306.  The ALJ pointed to Plaintiff's self-described mood swings, irritability, difficulty concentrating, restlessness, fearfulness, helplessness, fatigue, and social difficulty.  AR 1305 (citing AR 901, 905, 1067, 1069, 1587, 1589, 1942, 1944, 2768, 2774, 2776, 2779, 2800, 2802, 2808, 2011, 2831, 2839, 2910).  The ALJ explained that at times Plaintiff denied symptoms, including anxiety and depression.  AR 1305 (citing AR 1591, 1942, 1946, 1948, 1950, 1952, 2760, 2764, 2766, 2830, 2837).  Further, the ALJ highlighted that Plaintiff reported that she was able to manage her daily activities, care for herself, her children, and her pets, get along with others, and look for, apply for, and obtain a job. AR 1305-1306 (citing generally, AR 403-431, 589-625, 632-639, 645-650, 1328-1354, 1511-1546).

The ALJ also acknowledged some abnormal findings on mental status examination including anxious mood, slow speech, tearful affect, and poor to

fair concentration on occasion. AR 1306 (citing AR 1163, 1167, 1591, 1946, 1948, 1950, 1952, 1954, 2752, 2754, 2756, 2758, 2760, 2762, 2764, 2766, 2770, 2772, 2774, 2776, 2778, 2781, 2789, 2792, 2797, 2800, 2802, 2805, 2814, 2817, 2839).  However, the ALJ noted that mental status examinations showed many normal findings including that she was alert and oriented with normal thought process, thought content, memory, concentration, and fund of knowledge with intact cognition.  AR 1306 (citing AR 701, 729, 938, 941, 972, 1070, 1202, 1204, 1207, 1210, 1213, 1220, 1276, 1587, 1752, 1919, 2174, 2176, 2178, 2187, 2189, 2277, 2279, 2281, 2283, 2290, 2292, 2368, 2655, 2657, 2659, 2661, 2668, 2670, 2728, 2730, 2787, 2811, 2820, 2823, 2828, 2831, 2834).

The ALJ determined that "because [Plaintiff's] medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas <u>and</u> the evidence does not otherwise indicate that there is more than a minimal limitation in the [Plaintiff's] ability to do basic work activities, they are non-severe."  AR 1307.

Plaintiff argues that the ALJ erred in failing to find somatic symptom disorder a medically determinable impairment.  Dkt. No. 16 at 4.  In support of her argument, Plaintiff points to a reviewing state agency ophthalmologist AMK, M.D. who suspected that her complaints were somatic and that her visual limitations were "contrived."  Dkt. No. 16 at 5-6 (citing AR 471).  Dr. AMK opined that the body of evidence indicates that many of Plaintiff's symptoms appear to be non-physiologic.  *Id*. at 6 (citing AR 472).  Dr. AMK, however, did not make a somatic symptom disorder diagnosis nor did he make a finding that it was a medically determinable impairment.  *See* AR 471-473.

Plaintiff further argues that treating doctor Syam Kunam, M.D., diagnosed pseudo seizures.  *See* Dkt. No. 16 at 6 (citing AR 2598-2601).  Dr. Kunam, however, diagnosed Plaintiff with bipolar disorder not pseudo seizures.  *See* AR 2601.  The ALJ considered Dr. Kunam's opinion that Plaintiff had moderate mental limitations and found it unpersuasive stating

that it was inconsistent with the conservative treatment, medication management, the normal findings on mental status examinations, and overall treatment record.  AR 1315 (citing AR 2787, 2811, 2820, 2823, 2828, 2831, 2834).

In addition, Plaintiff argues that mental health professionals Lee Cole, and Susan Chinskey, LFMT, noted pseudo-seizures as a central factor in Plaintiff's "inability to maintain employment and have contributed to ongoing stress and anxiety."  Dkt. No. 16 at 6 (citing AR 2886).  The ALJ considered the opinion of Ms. Chinskey and found her opinion unpersuasive as it was not well supported due to the lack of treatment notes and was inconsistent with the overall record that showed good control of Plaintiff's mental symptoms with normal findings on mental status examinations.  AR 1316 (citing AR 1070; 1202, 1204, 1207, 1210, 1213, 1220, 1587, 1919, 2174, 2176, 2178, 2180, 2187, 2189; 2277, 2279, 2281, 2283, 2290, 2292, 2368, 2655, 2657, 2659, 2661, 2668, 2670, 2728, 2730, 2787, 2811, 2820, 2823, 2828, 2831, 2834, 2884-2888).

Plaintiff also argued that the ALJ noted that Albert Anderson, M.D., diagnosed pseudo-seizures.  Dkt. No. 16 at 4 (citing AR 1315).  The ALJ considered Dr. Anderson's statement that Plaintiff was totally disabled for the period from April 16, 2018 to April 16, 2019 due to "seizure/pseudo seizure activity in the setting of increased intra-cranial pressure syndrome." AR 1315 (citing AR 1203).  The ALJ explained that aside from indicating an increase in the number of reports of seizures, Dr. Anderson pointed to no objective evidence that Plaintiff required treatment following any of her alleged seizures.  AR 1315.  Dr. Anderson's treatment records showed Plaintiff exhibited no gross sensory or motor deficits with normal range of motion and a normal gait and her EEG and MRI were normal.  AR 1315 (citing AR 1202, 1207, 1210).  The ALJ further noted that Dr. Anderson did "not indicate precisely what he meant by disabled."  AR 1315.  The ALJ explained that "disability" is a term of art and "without specificity and a function-by-function

10

analysis of what [Plaintiff] could or could not do, this statement is simply a statement on an issue reserved to the Commissioner." AR 1315.

The ALJ considered Dr. Anderson's "Physical Medical Source Statement" prepared in November 2023 diagnosing Plaintiff with Bipolar Disorder II, and stating that Plaintiff could sit, stand, or walk for fifteen minutes at a time before needing to shift positions, can sit or stand/walk for up to two hours, is precluded from lifting any weight, can perform all postural maneuvers occasionally with a need to miss four days per month due to psychological symptoms. AR 1315-1316 (citing AR 2602-2604). The ALJ also considered Dr. Anderson's "Job Accommodation Questionnaire," prepared in April 2024 stating that Plaintiff could lift no more than ten pounds, limiting standing or walking to no more than fifteen minutes per hour, and determining that it was medically necessary for Plaintiff to have access to her water bottle at all times during working hours. AR 1315-1316 (citing AR 2746-2748). The ALJ found Dr. Anderson's opinions unpersuasive because they were not supported by clinical findings but indicated Plaintiff's limited physical capacity was due to psychological issues. AR 1316. Dr. Anderson's clinical findings showed normal motor strength with no sensory deficits and normal mental status. AR 1316 (citing AR 2176-217, 2368, 2655, 2668, 2670). The ALJ further explained that the longitudinal records showed no deficits that would support such extensive limitations. AR 1316 (citing AR 2749-2840).

Plaintiff relying on *Katie E. B.,* argues that the ALJ should have found somatoform symptom disorder a medically determinable impairment at step two. *Katie E. B.*, 2022 WL 4595062. In *Katie E. B.,* the record revealed one definitive diagnosis of "somatoform disorder, unspecified" by a doctor and two suspected diagnoses of "conversion disorder" by two other doctors. 2022 WL 459062 at *3. The ALJ's decision failed to mention somatic symptom disorder at any point. The court found that the evidence on the record warranted

11

discussion of whether somatic symptom disorder is a medically determinable impairment at step two. *Id.* at *4. The court held that the ALJ should have explained whether Plaintiff has a medically determinable impairment of somatic symptom disorder, and if so, assessed its severity at step two. *Id. See e.g.*, *John A. v. Saul*, 2019 WL 2616594, at *3 (W.D. Wash. June 26, 2019); *Adila B. v. Kijakazi*, No. 4:20-cv-5171-EFS, 2022 U.S. Dist. LEXIS 33607, at *18-19 (E.D. Wash. Feb. 25, 2022).

The Commissioner responds that the ALJ reasonably pointed out that the record provided little evidence to support a somatoform mental disorder, that the ALJ considered Plaintiff's mental impairments, and that substantial evidence supports the ALJ's findings. Dkt. No. 18 at 2, 5 (citing AR 1305). In support, the Commissioner asserts that the ALJ considered the findings and assessments of State Agency consultants Jane V. Buerger Ph.D. and Lisa Renner, M.D., at the initial and reconsideration levels who reviewed Plaintiff's residual mental functional capacity. AR 1307 (citing AR 432-445, 446-459, 462-478, 479-495). The ALJ noted that the agency consultants assessed Plaintiff with non-severe mental limitations and no more than mild limitations in paragraph B criteria. AR 1307 (citing AR 439, 453, 473, 490). The ALJ found the assessments to be persuasive as they were supported by the objective and medical evidence that showed Plaintiff reported she could handle her personal care and activities of daily living; and that mental status examinations showed Plaintiff was alert, oriented, and exhibited normal grooming, appropriate mood, appropriate affect, and appropriate speech and were consistent with the longitudinal evidence. AR 1307 (citing AR 701, 729, 938, 941, 972). Further, although both physicians concluded that Plaintiff's depression and anxiety were medically determinable impairments, but non-severe, neither physician endorsed somatoform disorder as a medically determinable impairment. AR 439, 474 (finding that Plaintiff's depression and anxiety were medically determinable based on their review of the

evidence in the file). In addition, neither physician found that Plaintiff's impairments necessitated more restrictive functional limitations than those the ALJ provided for in Plaintiff's residual functional capacity ("RFC"). *Cf.* AR 438, 473 with AR 1308-1309.

In Plaintiff's Reply, she argues that the ALJ erred in failing to find pseudo-seizures a medically determinable impairment. Dkt. No. 19 at 3. Plaintiff argues that she does not need to meet Listing 12.07 for her to have work related limitations from a somatic symptom disorder. *Id.* at 4-5. Plaintiff further argues that the ALJ did not properly consider the "mental symptoms" *Id.* at 6-7.

Here, the evidence on the record does not warrant discussion of whether somatic symptom disorder is a medically determinable impairment at step two. None of Plaintiff's doctors made a somatic symptom disorder diagnosis and, therefore, the ALJ was not obligated to determine whether it was a medically determinable impairment and assess its severity at step two. Further, the ALJ explained in her decision that somatoform symptom disorder was not medically determinable and that Plaintiff would not meet a Listing in 12.00 et seq. as all her mental symptoms were considered. AR 1305.

Even assuming the ALJ should have explained whether somatic symptom disorder and pseudo-seizures were medically determinable impairments, any error is harmless because the requirements to meet Listing 12.07 are identical to the requirements of Listings 12.04, and 12.06. *See* C.F.R. pt. 404, Subpt. P, App. 1 § 12.00. The ALJ thoroughly considered the requirements of Listings 12.04 and 12.06 and supported her finding that Plaintiff did not meet their requirements with substantial evidence. AR 1305-1307. Therefore, Plaintiff's assertion that the ALJ would reach a different result when evaluating these identical requirements in the context of Listing 12.07 is unavailing. Plaintiff fails to offer any evidence that the ALJ would

13

have, or even could have, come to a different conclusion for Listing 12.07, which requires the same paragraph B criteria.  The claimant bears the burden of establishing she meets a listing.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  Plaintiff has not met that burden.

Further, Plaintiff has not demonstrated that the ALJ committed harmful error at Step Two of the sequential analysis by not including somatic symptom disorder among Plaintiff's severe impairments.  Plaintiff fails to identify any functional limitations stemming from somatic symptom disorder that the ALJ failed to consider.  Step Two is meant to serve as "merely a threshold determination ... to screen out weak claims," and the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).  The ALJ considered the four broad functional areas used to evaluate mental disorders in the Listing of Impairments along with Plaintiff's mental capabilities in her assessment of Plaintiff's RFC.  The ALJ determined Plaintiff's medically determinable mental impairments were non-severe.  Because the ALJ ultimately decided Step Two in Plaintiff's favor, and she has not shown any way in which she was prejudiced, any error was harmless.  *See Buck*, 869 F.3d at 1049 (because step two was decided in the claimant's favor, he "could not possibly have been prejudiced"); *see also Wills v. Saul*, 829 F. App'x 838, 839 (9th Cir. 2020) (same); *Yanchar v. Berryhill*, 720 F. App'x 367, 370 (9th Cir. 2017) (same).

14

## III.    Conclusion

Accordingly, for the reasons stated above, the ALJ's decision is AFFIRMED.  A separate judgment will issue.

IT IS SO ORDERED.

Dated: March 20, 2026

*Patricia Donahue*

_____

Hon. Patricia Donahue
United States Magistrate Judge

15